**Oganes AKOPIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–74181, 05–75941.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed Aug. 5, 2008.

Sassoun Nalbandian, Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Patrick James Glen, Esquire, Emily Anne Radford, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

In these consolidated petitions, Oganes Akopian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") orders summarily affirming an immigration judge's ("IJ") decision denying his application for adjustment of status (No. 05–74181) and denying his motion to reopen to reapply for adjustment of status (No. 05–75941). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's credibility finding. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). We grant the petition for review in No. 05–74181 and dismiss the petition for review in No. 05–75941.

At his hearing on his adjustment of status application, Akopian testified that he had never been married in Armenia. His current wife testified that he had been married in Armenia but that the marriage ended in divorce. The agency found Akopian not credible on the ground that this inconsistency went to the heart of his claim. We disagree. To be eligible to adjust status based on his current marriage, Akopian must show that any previous marriages have been terminated. *See* 8 C.F.R. § 204.2(a)(2). The record shows one of two things: Akopian had never married before or he had married and divorced, neither one of which proves that he still has a wife in Armenia, so the inconsistency does not go to the heart of his adjustment claim based on a bona fide marriage to a United States citizen wife. We remand to the agency for further consideration of whether Akopian qualifies for adjustment of status.

Because we grant the petition for review in No. 05–74181, we dismiss as moot Ako-

pian's petition for review in No. 05–75941 challenging the BIA's order denying his motion to reopen to reapply for adjustment of status.

**No. 05–74181: PETITION FOR REVIEW GRANTED; REMANDED.**

**No. 05–75941: PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

